## Case No. 4,079.

DREW v. MILWAUKEE & ST. P. R. CO.

[5 Chi. Leg. News, 314.]

Circuit Court, D. Minnesota. March, 1873.

ACTION TO RECOVER FOR INJURIES CAUSING DEATH —DEMURRER TO COMPLAINT.

The plaintiff brought this action to recover of the defendant damages for running over and thereby causing the immediate death of the infant daughter of the plaintiff: *held*, under the common law that the plaintiff could not recover, and that if any action can be maintained it must be by virtue of the state statute and in the name of her personal representative.

This action is brought by the plaintiff [George G. Drew] to recover of the defendant [Milwaukee & Saint Paul Railroad Company] damages for running over and thereby causing, as it is alleged, the immediate death of Iza Drew, the infant daughter of the plaintiff. The negligence of the defendant is properly and fully alleged. The following are the allegations of the complaint, respecting the capacity in which the plaintiff brings the action: "This plaintiff is the father of Iza Drew. a minor. who was one and one-half years of age on the 5th day of May, 1872."—the date of injury for which the suit is brought—" * * * and this plaintiff, as the father of said minor, was entitled to the services of said minor during her minority, and that by reason of the wrongful and negligent act of the said defendant, in causing the death of the said minor as aforesaid, the plaintiff has been deprived of the services and society of the said minor to his damage in the sum of five thousand dollars," wherefore he demands judgment. The demurrer to the complaint is on the ground that it does not state a cause of action in favor of the plaintiff.

Bigelow, Flandrau & Clark. for demurrer. Atwater & Babcock, for plaintiff.

Before DILLON, Circuit Judge, and NELSON, District Judge.

DILLON, Circuit Judge. This is an action by the father to recover damages for the loss of services of his infant daughter, who is alleged to have immediately died by reason of the tortious conduct of the defendant's servants. Where death has thus ensued, it is a settled principle of the common law that no such action can be maintained. This principle is so well known, and has been so often declared. that it is not necessary to enter upon a review or discussion of the cases. Carey v. Berkshire R. Co., 1 Cush. 475; Green v. Hudson River R. Co., 2 Keys (*41 N. Y.) 294; Id., 28 Barb. 9; Pack v. Mayor, etc., of New York, 3 Comst. [3 N. Y.] 493; Eden v. Lexington & F. R. Co., 14 B. Mon. 165; Hyatt v. Adams, 16 Mich. 180. In this last case it is held that where the death of the person injured does not at once ensue, a person entitled to the service of the one injured may recover for such damages as accrued up to the time of the death, but not for damages caused by reason of such death. See, also. Sherman v. Western Stage Co., 24 Iowa, 515.

The principle above mentioned is so inveterately rooted in the common law, as judicially declared in England and in this country, as to preclude any inquiry by the courts into its policy or wisdom. It is, perhaps, difficult to defend it at this day; and hence in both countries the common law has, in this respect. been modified by legislation. So far, then, as any right of recovery exists where death has immediately ensued from the injury complained of, it is by virtue of express enactment. The statute of Minnesota provides, that "where death is caused by the wrongful act or omission of any party, the personal representatives of the deceased may maintain an action, if he might have maintained an action. had he lived, for an injury caused by the same act or omission." Gen. St. p. 546, § 2. If an action can be maintained. it must be by virtue of this statute, and this gives the remedy to the personal representative of the deceased. that is, to his administrator or executor. Boutiller v. The Milwaukee, 8 Minn. 97 [Gil. 72]. Demurrer sustained.